UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MYRA FONTENOT | * | CIVIL ACTION NO.  16-1151 |
| VERSUS | * | JUDGE JAMES T. TRIMBLE, JR. |
| CITY OF BUNKIE ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(1), (6), [doc. #14], filed by Defendants Mayor Mike Robertson, Brenda Sampson, Gregory Prudhomme, Lem Thomas II, Travis Armand, Clayton Henderson, and the City of Bunkie. The motion is opposed. For reasons assigned below, it is recommended that the motion be **GRANTED in part and DENIED in part.**

## Background

On August 5, 2016, Plaintiff Myra Fontenot filed the instant lawsuit against Defendants Mayor Mike Robertson, Chief of Police Bobby Corner ("Chief Corner"), Brenda Sampson, Gregory Prudhomme, Lem Thomas II, Travis Armand, Clayton Henderson, and the City of Bunkie, Louisiana, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the federal and Louisiana Constitution, and various state laws. [doc. #1]. Sampson, Prudhomme, Thomas, Armand, and Henderson are all members of the Bunkie Board of Aldermen. *Id.* at 2. Fontenot asserts that she was sexually harassed by Chief Corner and was subsequently retaliated against at work for filing a formal complaint with Mayor Mike Robertson's office.

On November 30, 2016, Defendants Mayor Robertson, Sampson, Prudhomme, Thomas, Armand, Henderson, and the City of Bunkie filed a motion to dismiss all claims: (1) made pursuant to Title VII, as the Complaint fails to demonstrate that the EEOC has issued a right to sue letter to Plaintiff; (2) made pursuant to 42 U.S.C. § 1981 because a municipality and its employees may not be held liable for alleged violations of § 1981; (3) against the Mayor and board members in their official capacities because the Complaint fails to state a cause of action against them; (4) against the Mayor and board members pursuant to Title VII, and the Louisiana Human Rights Commission Act, LA. R.S. § 51:2331 *et seq.* and § 23:301 *et seq.*; and (5) against the Mayor and board members pursuant to Louisiana Revised Statute § 39:1311. [doc. #14].

On January 17, 2017, the undersigned granted Plaintiff's motion for leave to file a second amended complaint. [docs. #30, #31]. Plaintiff's memorandum in opposition to the motion to dismiss asserts that the second amended complaint moots all of the claims in Defendants' motion to dismiss. [doc. #28]. The Court will address each ground for dismissal in turn.

## Analysis

Regarding Defendants' first ground for dismissal, Plaintiff attached to her second amended complaint a Notice of Right to Sue letter issued by the EEOC on January 5, 2017. [doc. #29]. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue). Therefore, ground one should be DENIED as MOOT.

As for ground two, Defendants request dismissal of all claims made pursuant to 42 U.S.C. § 1981 because no private cause of action exists against municipalities and government employees under § 1981. Plaintiff asserts in her opposition that "all claims arising under 42

U.S.C. Section 1981" have been dismissed without prejudice in the second amended complaint. [doc. #28, p. 3]. However, under the relief section, Plaintiff asks that "the Court declare the employment practices of which complaint is made to be in violation of . . . 42 U.S.C. Section 1981" and requests compensatory and punitive damages. [doc. #31, p. 17].

42 U.S.C. § 1981 does not provide a separate cause of action against local government entities. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989). A plaintiff must assert a cause of action against state actors under 42 U.S.C. § 1983 to remedy violations of civil rights under § 1981. *Id.*; *see Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 462 (5th Cir. 2001) ("[W]hen a plaintiff asserts a cause of action under § 1981 for discrimination in terms and conditions of a municipal employment contract, the proper defendant is the government employer in his official capacity."). Here, Fontenot's second amended complaint asserts a procedural due process violation under § 1983 against the City of Bunkie for depriving Plaintiff of her property interest in employment. [doc. #31, pp. 9-10]. Accordingly, to the extent Plaintiff may be asserting an independent cause of action under § 1981 against any of the named defendants, Defendants' motion should be GRANTED.

As to the third, fourth, and fifth grounds for dismissal, the second amended complaint dismisses without prejudice Mayor Robertson and each member of the Board of Aldermen. The City of Bunkie and Chief Corner are therefore the only remaining defendants. Accordingly, these grounds for dismissal should be DENIED as MOOT.

### Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction

3

and for failure to state a claim upon which relief can be granted, [doc. # 14], filed by Defendants Mayor Mike Robertson, Brenda Sampson, Gregory Prudhomme, Lem Thomas II, Travis Armand, Clayton Henderson, and the City of Bunkie be GRANTED in part and DENIED in part.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 6th day of February 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE